# IN THE COURT OF APPEALS OF IOWA

No. 22-0933
Filed January 25, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NEAL EDWARD HOLLINGSWORTH,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Jeffrey D. Bert, Judge.


        Neal Hollingsworth appeals his sentence following a guilty plea.
**AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., Ahlers, J., and Blane, *S.J.

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**AHLERS, Judge.**

Neal Hollingsworth pleaded guilty to second-degree theft and forgery. At sentencing, the district court sentenced Hollingsworth to concurrent prison terms not to exceed five years and explained how it reached its sentencing determination. The court imposed a $750 fine and fifteen percent surcharge on both counts but suspended the fine on count II. Hollingsworth now appeals, claiming the court was required to provide separate and specific reasons for its decision to suspend the fine on one count and not the other.[1]

We review sentencing challenges for legal error. *State v. McCalley*, 972 N.W.2d 672, 676 (Iowa 2022). We give sentencing courts considerable latitude in fashioning sentences, and sentencing determinations falling within "statutory limits are 'cloaked with a strong presumption in [their] favor.'" *Id.* (alteration in original) (citation omitted). We will not disturb a sentence "[a]bsent 'an abuse of discretion or some defect in the sentencing procedure.'" *Id.* (citation omitted).

Hollingsworth identifies no authority that explicitly requires the sentencing court to provide separate and specific reasons for its decision to impose or suspend fines. Instead, review of our caselaw reveals we have already rejected such claims because the sentencing court is not required to explain its reason for rejecting particular sentencing options. *See State v. Palmer*, No. 22-0767, 2022 WL 16985432, at *1 (Iowa Ct. App. Nov. 17, 2022) (rejecting claim that the sentencing court was required to provide specific reasons for imposing or

---

[1] Hollingsworth has good cause to appeal from his guilty plea because he challenges his sentence. *See* Iowa Code § 814.6(1)(a)(3) (2022); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

suspending fines); *State v. Smith*, No. 21-0400, 2022 WL 244498, at *4 (Iowa Ct. App. Jan. 27, 2022) (concluding the sentencing court is not required to give specific explanation for not suspending fines); *see also State v. Loyd*, 530 N.W.2d 708, 713–14 (Iowa 1995). We see no reason to diverge from our current caselaw and affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(e).

**AFFIRMED.**